IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRIAN BENICK,** | Case No. 1:22-CV-01479-PAB |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **NANOGATE NORTH AMERICA, LLC,** | **ORDER** |
| **Defendant.** | |

Currently pending before the Court is Defendant Nanogate North America, LLC's Motion to Renews its Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 41. (Doc. No. 21.) Plaintiff Brian Benick did not file any opposition or otherwise respond to Nanogate's renewed Motion. Accordingly, Nanogate's Motion is GRANTED IN PART and DENIED IN PART.

**I.  Background**

On May 8, 2023, Nanogate filed a Motion to Compel Benick to file certain untimely discovery responses and for Sanctions against Benick, up to, and including, dismissal of his Complaint and for attorneys' fees and expenses associated with bringing its Motion to Compel. (Doc. No. 19.) Benick did not respond to Nanogate's initial motion to compel.

On June 2, 2023, the Court ordered Benick to provide his responses as follows:

Benick is ORDERED to provide the following discovery responses to Nanogate in writing WITHIN 14 DAYS OF THE DATE OF THIS ORDER (i.e., by June 16, 2023): (1) Benick's initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i-iv); (2) Benick's responses to Nanogate's Requests for Admission 21-27; (3) Benick's responses, and production of documents, if any, to Nanogate's revised Requests for Production, which were previously sent to Benick by Nanogate on April 5, 2023; and (4) a signed certification page, verifying Benick's previously submitted responses to Nanogate's interrogatories, which was also previously sent to Benick by Nanogate on April 5, 2023.

(Doc. No. 20, PageID# 318.) The Court warned Benick that "[a]ny further refusal and/or failure to comply with the Court's Orders and/or Federal Rules of Civil Procedure by Benick may result in awarding attorney's fees and expenses to Nanogate, and further sanctions up to, and including, dismissal of Benick's case pursuant to Rules 37 and/or 41." (*Id.*)

Nanogate also requested that the Court order Benick to pay Nanogate's attorneys' fees and expenses associated with the cost of bringing its initial Motion to Compel. (Doc. No. 19-1, PageID# 300.) Nanogate asserted multiple bases under Rule 37 for its request. (*Id.*) The Court denied Nanogate's requests made pursuant to Fed. R. Civ. P. 37(c)(1)(A), 37(d)(3), and 37(c)(2). (Doc. No. 20, PageID# 314-16.) However, regarding Nanogate's request for attorneys' fees pursuant to Rule 37(a)(5)(A), the Court put Benick on notice that "his failure to oppose and/or respond to Nanogate's request **may result in the Court ordering Benick to pay Nanogate for its reasonable attorney's fees and expenses related to Nanogate's attempts to obtain Benick's discovery responses and compliance with the Federal Rules of Civil Procedure.**" (*Id.* at PageID# 317.) The Court further ordered Benick to file an opposition and/or response to Nanogate's requests for attorneys' fees and expenses within 14 days of the date of its Order. (*Id.* at PageID# 318.)

Though Benick's discovery responses and his opposition/response to Nanogate's fee request were due no later than June 16, 2023, to date, Benick has not filed any response whatsoever. Consequently, on June 22, 2023, Nanogate filed the instant renewed Motion for Sanctions against Benick pursuant to Fed. R. Civ. P. 37 and 41. (Doc. No. 21.) Therein, Nanogate requests that this Court sanction Benick by dismissing his case pursuant to either Fed. R. Civ. P. 37 or 41 and renews its requests for attorneys' fees pursuant to Fed. R. Civ. P. 37(c)(1)(A) and (A)(5)(A). (Doc. No. 21-1, PageID# 325-26, 332.)

**II.     Analysis**

    **A.     Dismissal of Benick's Case**

Nanogate argues that Benick's conduct is sanctionable by dismissal of his case under either Fed. R. Civ. P. 37 or 41. (Doc. No. 21-1, PageID# 325.) For the following reasons, the Court concludes that Benick's case should be involuntarily dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Rule 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," where the involuntary dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). An involuntary dismissal under Fed. R. Civ. P. 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (internal quotation marks omitted) (alteration in original)). "Determining whether dismissal is the appropriate sanction is a matter within the discretion of the district courts." *Jackson v. Sterilite Corp.*, No. 5:13-CV-861, 2014 WL 5307911, at *2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002)). *See also Allen v. Stark State College*, No. 5:17-CV-02706, 2019 WL 3387772, at *6 (N.D. Ohio July 26, 2019).

The Court assesses four factors when determining whether dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah*, 261 F.3d at 589. "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (cleaned up). These factors allow the Court to balance its "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *4 (N.D. Ohio Mar. 14, 2017) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal quotation marks omitted)).

Upon review of the record in this case, the Court finds that dismissal is warranted. Benick's failure to respond to Nanogate's discovery requests and communications from defense counsel, his lack of response to either of Nanogate's motions, and his failure to comply with the Court's orders—including the Court's June 2, 2023 Order warning Benick that any further failure to respond could result in dismissal of his case—have made it clear that Benick has no intention of prosecuting this action. As discussed below, all four factors weigh in favor of dismissal of this action with prejudice, pursuant to Fed. R. Civ. P. 41(b).

First, the Court agrees with Nanogate that Benick has acted in willful bad faith, such that the first factor supports dismissal. *See, e.g., Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (concluding pro se plaintiff's conduct amounted to a reckless disregard of how his repeated failure to comply with court-ordered deadlines affected the case); *see also, e.g., Allen*, 2019 WL 3387772 at *7 (concluding that the pro se plaintiff displayed "blatant disregard for the Orders of this Court and her discovery responsibilities," and that such disregard was "willful and in bad faith."). Here, Benick

has refused to produce his initial disclosures or respond to discovery requests, despite multiple clear orders from the Court to do so.  (*See* ECF 3/13/2023 Minutes of Proceedings; ECF 4/5/2023 Minutes of Proceedings.)  Further, since the April 4, 2023 status conference, and for nearly three months, Benick has refused to respond to defense counsel's repeated attempts to communicate with him via mail and e-mail. (Doc. No. 21-1, PageID# 324.)  Finally, Benick patently refused to comply with the Court's June 2, 2023 Order, compelling him to provide his discovery responses to Nanogate within 14 days.  Thus, the Court concludes that Benick's conduct displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Second, the Court finds that Nanogate has suffered prejudice due to Benick's actions.  In deciding whether a defendant suffered prejudice due to a plaintiff's conduct, the Court must consider that "a defendant is prejudiced by the plaintiff's conduct where the defendant waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)) (cleaned up).  Nanogate argues that due to Benick's failure to respond meaningfully to any of its discovery requests, Nanogate has been "unable to ascertain the specific claims of Plaintiff and evidence in support thereof via discovery," and therefore "unable to gather the information necessary to defend against Plaintiff's claims in a timely fashion . . . ."  (Doc. No. 21-1, PageID# 329.)  Benick's unwillingness to participate in litigation that he himself initiated has caused prejudice to Nanogate, as Nanogate has been forced to spend time and money litigating the instant case against an absentee plaintiff, including by conducting discovery and filing multiple discovery dispute papers and a motion to compel, to force Benick to participate in *his own lawsuit*.

*See Allen*, 2019 WL 3387772, at *9. Nanogate has therefore been left without the ability to adequately defend itself or prepare for trial. *See Allen*, 2019 WL 3387772, at *9. The Court finds that the prejudice factor counsels in favor of dismissal.

The Court also finds that the third factor—whether the party was warned that failure to cooperate could lead to dismissal—clearly weighs in favor of dismissal, as Benick was warned previously that his case could be dismissed. The Court explicitly warned Benick in its June 2, 2023 Order that "[a]ny further refusal and/or failure to comply with the Court's Orders and/or Federal Rules of Civil Procedure by Benick may result in awarding attorney's fees and expenses to Nanogate, and further sanctions up to, and including, dismissal of Benick's case pursuant to Rules 37 and/or 41." (Doc. No. 20, PageID# 318.) A copy of the Court's Order was mailed to Benick that same day. (*See* ECF 6/2/2023 Entry.) Benick therefore had sufficient notice that his continued refusal to cooperate could lead to dismissal of his case.

Finally, the Sixth Circuit has indicated that "'the sanction of dismissal is appropriate only if the [party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.'" *Mulbah*, 261 F.3d at 594 (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). The Court agrees with Nanogate that the Court has already afforded Benick myriad opportunities to comply with the Federal Rules and the Court's Orders, but Benick has continued to "willfully and intentionally disregard any order of the Court in regard to basic fundamental discovery matters." (Doc. No. 21-1, PageID# 330.) The Court concludes the fourth factor weighs in favor of dismissing Benick's case.

6

Accordingly, dismissal of Benick's claims with prejudice, pursuant to Fed. R. Civ. P. 41(b), is the only appropriate sanction due to Benick's failure to participate in any discovery and his repeated disregard for the Court's Orders.

## B. Request for Attorney's Fees and Expenses

Nanogate also renews its requests for attorneys' fees, pursuant to both Fed. R. Civ. P. 37(a)(5)(A) and Fed. R. Civ. P. 37(c)(1)(A). (Doc. No. 21-1, PageID# 332.)

### 1. Rule 37(a)(5)(A)

Rule 37(a)(5)(A) provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court **must not** order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Nanogate argues that the Court already provided Benick an opportunity to be heard and that the Court put Benick on notice in its June 2, 2023 Order that Benick's failure to respond "may result" in the Court ordering Benick to pay Nanogate for its reasonable attorneys' fees and costs. (Doc. No. 21-1, PageID# 332.) However, Nanogate provides no other argument or citation to authority in support of its request. (*See* Doc. No. 19-1, PageID# 300; Doc. No. 21-1, PageID# 332.) Moreover, Nanogate does not include any documentation of attorney fees and/or costs to demonstrate the reasonableness of its request.

7

Though Fed. R. Civ. P. 37(a)(5)(A) mandates that the non-moving party must pay expenses, the rule also provides three exceptions to this mandate.  Exception (iii), which prohibits an award of expenses if "other circumstances" render such an award "unjust," gives the Court pause.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  As previously discussed in its June 2, 2023 Order, the Court believes that Benick lacks the ability to pay such a penalty.  (Doc. No. 20, PageID# 316.)  Benick previously indicated that he did not have sufficient funds to hire his own attorney.  (*Id.*)  Nanogate's barebones request for attorneys' fees does nothing to assuage the Court's concern that Benick, a *pro se* litigant, would be unable to pay any penalties levied against him.  Further, the Court believes that dismissing Benick's claims against Nanogate pursuant to Fed. R. Civ. P. 41(b) will sufficiently inculcate Nanogate against further litigation from Benick because such a dismissal is on the merits.  *See* Fed. R. Civ. P. 41(b).  Thus, because, as previously indicated to the Court, it appears that Benick lacks the ability to pay a penalty under Fed. R. Civ. P. 37(a)(5)(A), and because Benick's claims against Nanogate are dismissed with prejudice, the Court concludes the instant circumstances would render an award of expenses against Benick unjust.  Nanogate's request for expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) is denied.

    **2.**    **Rule 37(c)(1)(A)**

Under Fed. R. Civ. P. 37(c)(1)(A), if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the court, "on motion and after giving an opportunity to be heard . . . **may** order payment of the reasonable expenses, including attorney's fees caused by the failure . . . ."  (Emphasis added.)  Under Rule 37(c)(1)(C), the court "**may** impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  (Emphasis added.)

8

The Court declines to award Nanogate expenses pursuant to Fed. R. Civ. P. 37(c). The rule indicates that a court *may*, rather than must, impose fees and expenses under Fed. R. Civ. P. 37(c). Accordingly, for the reasons set forth in Section II.B.1, *supra*, the Court declines to award Nanogate expenses under Fed. R. Civ. P. 37(c).

### III. Conclusion

For the reasons set forth above, Nanogate's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 41 is GRANTED IN PART and DENIED IN PART. Benick's claims are dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: June 27, 2023

*s/Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE